IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JELANI SUTTON, | ) | FILED |
| | ) | APRIL 7, 2008   YM |
| Plaintiff, | ) | 08CV1970 |
| | ) | JUDGE LEINENWEBER |
| v. | ) | MAGISTRATE JUDGE NOLAN |
| | ) | No. |
| CHICAGO POLICE OFFICERS | ) | JUDGE |
| ARONA, Star #11805, | ) | |
| ZEPEDA, Star #11439, and | ) | |
| UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, JELANI SUTTON, through his attorneys, A Law Office of Christopher R. Smith, and complaining of the defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS ARONA, Star #11805, ZEPEDA, Star #11439, and UNKNOWN CHICAGO POLICE OFFICERS states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., Section 1983, and Section 1985; the judicial code 28 U.S.C., Section 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided

1

under U.S.C., Section 1367(a).

## PARTIES

3. Plaintiff is a permanent resident of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. Defendants, Chicago Police Officers ARONA, Star #11805, ZEPEDA, Star #11439, and unknown Chicago Police Officers, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago ("City"), a municipal corporation duly incorporated under the laws of the State of Illinois, is the employer and principal of police officer defendants.

## FACTS

6. On the evening of December 11, 2008, Mr. Sutton was driving his 2004 Toyota Avalon Northbound on Normal Street, near the intersection of 55th Street and Normal.

7. A marked squad car, driven by the Defendants appeared behind Mr. Sutton, and pulled Mr. Sutton over.

8. When a defendant officer approached his vehicle, Mr. Sutton presented the defendant officer with his driver's license and proof of insurance.

9. Defendants demanded that Mr. Sutton get out of his vehicle.

10. As instructed, Mr. Sutton went to the back of his Toyota.

11. Defendants would not tell Mr. Sutton why they pulled him over.

12. Defendants handcuffed Mr. Sutton.

13. Defendants began to search Mr. Sutton's car.

14. At this time, many squad cars were on the scene and a Sergeant was present.

15. After searching for an extended time, defendants showed Mr. Sutton a pill that they allegedly found in his car.

16. Defendants told Mr. Sutton that he was going to jail.

17. Defendants charged Mr. Sutton with fraudulently obtaining prescription medication, without lawful justification.

18. Defendants took plaintiff's jewelry including a diamond watch, ring, bracelet and gold chain, without lawful justification.

18. Defendants drove away with Mr. Sutton's car, without lawful justification.

19. Mr. Sutton spent three days in Cook County jail before his father posted bond.

20. Jelani Sutton was unable to recover the key that defendants used to drive his car and never had his jewelry returned.

21. When Mr. Sutton went to retrieve his car, all the upholstery had been slashed, and the car's airbags had been pulled out and slashed.

22. When Mr. Sutton began to drive out of the lot, his car began fish tailing and he was unable to regain control of his vehicle.

23. Mr. Sutton immediately had the car towed to the dealer.

24. The dealer informed Mr. Sutton that the mechanism controlling rear stabilization had been severed.

25. Damage to the car was so severe that Mr. Sutton's insurance had the car totaled.

26. Defendants conspired together and wrote false reports, and made false statements to cover up evidence of their wrongdoing.

27. Defendant police officers conspired and agreed amongst themselves to illegal seize Jelani Sutton and his property and, to damage his property, to hide evidence falsely charge him with crimes they knew he did not commit. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiff's arrest. Jelani Sutton was charged with fraudulently obtaining prescription controlled substance.

28. As a direct and proximate result of the malicious actions of the coconspirators, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorney's fees, and extreme emotional distress.

29. On December 31, 2007, Jelani Sutton's charges relating to this case were nolle prossed on motion by the State in the Circuit Court of Cook County, Illinois, indicative of the innocence of Jelani Sutton.

**Count I**

**Against Officers for Section 1983 Fourth Amendment Violations —**

**Illegal Search and Seizures**

1-29. Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

30. The searches and seizures of the plaintiff's person and property performed

willfully and wantonly by the defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and U.S.C. § 1983.

31.　　As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendant officers in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000), plus the costs of this action and attorney's fees, and such other and further relief as this court deems equitable and just.

### Count II

### Against Officers for Section 1983 Fourth Amendment Violations —

### False Arrest

1-29.　　Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

30.　　The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to Plaintiff's rights under the U.S.

Constitution, thus violating the United States Constitution.

31. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendant officers in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000), plus the costs of this action and attorney's fees, and such other and further relief as this court deems equitable and just.

## Count III

### 745 ILCS 10/9-102

1-29. Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

30. Defendant City of Chicago is the employer of Defendants ARONA, Star #11805, ZEPEDA, Star #11439, and unknown Chicago Police Officers.

31. ARONA, Star #11805, ZEPEDA, Star #11439, and unknown Chicago Police Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should defendants ARONA, Star #11805, ZEPEDA, Star #11439, and unknown Chicago Police Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as

well as attorneys fees and costs awarded.

## Count IV

### False Arrest — State Claim Against City and Officers

1-29.   Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

30.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest JELANI SUTTON on false charges for which they knew there was no probable cause.

31.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

32.   As a direct and proximate result of the false arrest, JELANI SUTTON was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

WHEREFORE, plaintiff JELANI SUTTON demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), and further demand attorney's fees and the costs of this action, and for such other and further relief as this Court deems proper and just.

## Count V

### Malicious Prosecution — State Claim Against City and Officers

1-29. Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

30. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute JELANI SUTTON on false charges for which they knew there was no probable cause.

31. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

32. As a direct and proximate result of the malicious prosecution, JELANI SUTTON was damaged, including the value of his lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff JELANI SUTTON demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), and further demand attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count VI

**Intentional Infliction of Emotional Distress Against City and Officers**

1-29. Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

30. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

31. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

32. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

33. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff JELANI SUTTON seeks judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VII

### Conversion

1-29. Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

30. As detailed above, defendants took Mr. Sutton's personal property under

color of law without consent and never returned such property.

31. Defendants denied and continue to deny Mr. Sutton's use and control of such property.

32. As a direct and proximate result of this conduct, Mr. Walton was deprived of his property with a value in the amount of in excess of $9,000.00.

33. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff Jelani Sutton seeks judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of NINE THOUSAND DOLLARS ($9,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

JELANI SUTTON

By: One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
James Baranyk
A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400