IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JELANI SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1970 |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | Judge Leinenweber |
| ARONA, Star #11805, | ) | |
| ZEPEDA, Star #11439, and | ) | Magistrate Judge Nolan |
| UNKNOWN, CHICAGO POLICE | ) | |
| OFFICERS and the CITY OF CHICAGO, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Chicago Police Officers Robert Arona and Adrian Zepeda ("Individual Defendants"), and Defendant City of Chicago ("City")(Collectively referred to as "Defendants"), by their attorney, Joel G. Sandoval, Assistant Corporation Counsel for the City of Chicago, respectfully submit the following answers to Plaintiff's complaint.

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

**ANSWER:** **Defendants admit that this is a civil action, that they were acting under color of law, but deny any wrongful or illegal conduct.**

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., Section 1983, and Section 1985; the judicial code 28 U.S.C., Section 1331 and 1343 (a); the Constitution of the United States; as well as pendent jurisdiction as provided under U.S.C., §

1367(a).

**ANSWER:    Defendants admit that this action is invoked pursuant to the Civil Rights Act, 42 U.S.C., Section 1983, and Section 1985, and the Constitution of the United States.  The Defendants admit that this court has jurisdiction pursuant to 42 U.S.C., Section 1331 and 1343(a) and supplemental jurisdiction pursuant to 28 U.S.C. 1367.**

## PARTIES

3. Plaintiff is a permanent resident of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph # 3.**

4. Defendants, Chicago Police Officers ARONA, Star #11805, ZEPEDA, Star #11439, and unknown Chicago Police Officers, were, at all times of this occurrence, duly licensed Chicago Police Officers.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

**ANSWER:    Individual Defendants admit the allegations in this paragraph to the extent the allegations are directed toward them but deny any wrongful or illegal conduct.  City admits that Individual Defendants are Chicago Police Officers, duly licensed, acting within the scope of their employment and under color of law and are sued in their individual capacities but deny the remaining allegations contained in this paragraph.**

5. Defendant City of Chicago ("City"), a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of police officer defendants.

2

**ANSWER:** **Defendants admit the City is an employer of Officer Arona and Zepeda. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph # 5.**

### FACTS

6.  On the evening of December 11, 2008, Mr. Sutton was driving his 2004 Toyota Avalon Northbound on Normal Street, near the intersection of 55th Street and Normal.

**ANSWER:** **Defendants deny the allegation contained in paragraph # 6.**

7.  A marked squad car, driven by the defendants appeared behind Mr. Sutton, and pulled Mr. Sutton over.

**ANSWER:** **Individual Defendants and City, upon information and belief based on Chicago Police Department Reports, admit the allegation contained in paragraph # 7 to the extent it relates to Plaintiffs arrest on December 11, 2007.**

8.  When a defendant officer approached his vehicle, Mr. Sutton presented the defendant officer with his driver's license and proof of insurance.

**ANSWER:** **Individual Defendants deny the allegation contained in paragraph # 7. City is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph # 7.**

9.  Defendants demanded that Mr. Sutton get out of his vehicle.

**ANSWER:** **Individual Defendants and City, upon information and belief based on Chicago Police Department Reports, admit that Mr. Sutton was ordered to exit his vehicle but deny any wrongful or illegal conduct.**

10.  As instructed, Mr. Sutton went to the back of his Toyota.

**ANSWER:** **Individual Defendants deny the allegation in paragraph # 10. City**

is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph # 10.

11. Defendants would not tell Mr. Sutton why they pulled him over.

**ANSWER:** **Individual Defendants deny the allegation in paragraph # 11. City is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph # 11.**

12. Defendants handcuffed Mr. Sutton.

**ANSWER:** **Individual Defendants admit the allegation in paragraph # 12. City, upon information and belief based on Chicago Police Department Reports, admit that Individual Defendants handcuffed Mr. Sutton.**

13. Defendants began to search Mr. Sutton's car.

**ANSWER:** **Individual Defendants admit that Arona searched Mr. Sutton's car. City, upon information and belief based on Chicago Police Department Reports, admits that Mr. Sutton's car was searched but is without knowledge or information to form a belief as to which Individual Defendant searched Mr. Sutton's car.**

14. At this time, many squad cars were on the scene and a Sergeant was present.

**ANSWER:** **Individual Defendants admit that at some point other Chicago Police Officers and a Police Sergeant arrived on the scene. City is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph # 14.**

15. After searching for an extended time, defendants showed Mr. Sutton a pill that they allegedly found in his car.

**ANSWER:** **Individual Defendants and City, upon information and belief based**

4

on Chicago Police Department Reports, admit that Mr. Sutton was shown a pill found in his vehicle but deny the remaining allegations contained in paragraph # 15.

16.     Defendants told Mr. Sutton that he was going to jail.

**ANSWER:     Individual Defendants admit they told Mr. Sutton was going to jail. City is without knowledge or information to form a belief as to the truth of the allegation in paragraph # 16.**

17.     Defendants charged Mr. Sutton with fraudulently obtaining prescription medication, without lawful justification.

**ANSWER:     Defendants admit that Individual Defendants charged Mr. Sutton with fraudulently obtaining prescription medication but deny that it was done without lawful justification.**

18.     Defendants took plaintiff's jewelry including a diamond watch, ring, bracelet and gold chain, without lawful justification.

**ANSWER:     Defendants deny the allegations contained in paragraph # 18.**

18*(A)*.   Defendants drove away with Mr. Sutton's car, without lawful justification.

**ANSWER:     Defendants deny the allegations contained in paragraph # 18 *(A)*.** *Plaintiff has chosen to number two separate allegations as paragraph # 18.  For the sake of clarity, Defendants have italicized and added "(A)" to the second paragraph #18.*

19.     Mr. Sutton spent three days in Cook county jail before his father posted bond.

**ANSWER:     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph # 19.**

20.     Jelani Sutton was unable to recover the key that defendants used to drive his car and never had his jewelry returned.

5

>    **ANSWER:** **Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph # 20.**

21.    When Mr. Sutton went to retrieve his car, all the upholstery had been slashed, and the car's airbags had been pulled out and slashed.

>    **ANSWER:** **Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph # 21.**

22.    When Mr. Sutton began to drive out of the lot, his car began fish tailing and he was unable to regain control of his vehicle.

>    **ANSWER:** **Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph # 22.**

23.    Mr. Sutton immediately had the car toed to the dealer

>    **ANSWER:** **Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph # 23.**

24.    The dealer informed Mr. Sutton that the mechanism controlling rear stabilization had been severed.

>    **ANSWER:** **Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph # 24.**

25.    Damage to the car was severe that Mr. Sutton's insurance had the car totaled.

>    **ANSWER:** **Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph # 25.**

26.    Defendants conspired together and wrote false reports, and made false statements to cover up evidence of their wrongdoing.

>    **ANSWER:** **Defendants deny the allegations contained in paragraph # 26.**

27.    Defendant police officers conspired and agreed amongst themselves to illegal seize

Jelani Sutton and his property and, to damage his property, to hide evidence falsely charge him with crimes they knew he did not commit. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiff's arrest. Jelani Sutton was charged with fraudulently obtaining prescription controlled substance.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 27.**

28. As a direct and proximate result of the malicious actions of the coconspirators, Plaintiff was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorney's fees, and extreme emotional distress.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 28.**

29. On December 31, 2007, Jelani Sutton's charges relating to this case were nolle prossed on motion by the State in the Circuit Court of Cook County, Illinois, indicative of the innocence of Jelani Sutton.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph # 29**

## Count I
### Against Officers for Section 1983 Fourth Amendment Violations – Illegal Search and Seizures

1-29. Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

**ANSWER:** **Defendants adopt and re-allege their answers to paragraphs one (1) through twenty-nine (29) as though fully set forth herein.**

30. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's rights to be free of unreasonable searches and seizures under the Fourth Amendment to the United States and 42 U.S.C. § 1983.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 30.**

31. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish, humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

ANSWER:    **Defendants deny the allegations contained in paragraph # 31.**

### Count II
### Against Officers for Section 1983 Fourth Amendment Violations – False Arrest

1-29.    Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

ANSWER:    **Defendants adopt and re-allege their answers to paragraphs one (1) through twenty-nine (29) as though fully set forth herein.**

30.    The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to Plaintiff's rights under U.S. Constitution, thus violating the United State Constitution.

ANSWER:    **Defendants deny the allegations contained in paragraph # 30.**

31.    As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

ANSWER:    **Defendants deny the allegations contained in paragraph # 31.**

### Count III
### 745 ILCS 10/9-102

1-29.    Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

ANSWER:    **Defendants adopt and re-allege their answers to paragraphs one (1) through twenty-nine (29) as though fully set forth herein.**

30.    Defendant City of Chicago is the employer of Defendants ARONA, Star #11805, ZEPEDA, Star #11439, and unknown Chicago Police Officers.

ANSWER:    **City admits it is the employer of Arona and Zepeda but lack sufficient knowledge of information to form a belief as to the truth of the remaining allegations in paragraph # 30.**

31.     ARONA, Star #11805, ZEPEDA, Star #11439, and unknown Chicago Police Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:    Defendants admit that Arona and Zepeda were acting under color of law and within the scope of their employment of the City of Chicago but deny any wrongful or illegal conduct. Defendants are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.**

**Count IV**
**False Arrest – State Claim Against City and Officers**

1-29.   Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

**ANSWER:    Defendants adopt and re-allege their answers to paragraphs one (1) through twenty-nine (29) as though fully set forth herein.**

30.     By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest JELANI SUTTON on false charges for which they knew there was no probable cause.

**ANSWER:    Defendants deny the allegations contained in paragraph # 30.**

31.     The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City , and while acting within the scope of their employment.

**ANSWER:    Defendants state that Plaintiff's summary of the doctrine of respondeat superior is vague, incomplete and/or incorrect and thus the allegations are denied.**

32.     As a direct and proximate result of  the false arrest, JELANI SUTTON was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

**ANSWER:    Defendants deny the allegations contained in paragraph # 32.**

### Count V
### Malicious Prosecution – State Claim Against City and Officers

1-29.   Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

**ANSWER:   Defendants adopt and re-allege their answers to paragraphs one (1) through twenty-nine (29) as though fully set forth herein.**

30.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute JELANI SUTTON on false charges for which they knew there was no probable cause.

**ANSWER:   Defendants deny the allegations contained in paragraph # 30.**

31.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

**ANSWER:   Defendants state that Plaintiff's summary of the doctrine of respondeat superior is vague, incomplete and/or incorrect and thus the allegations are denied.**

32.   As a direct and proximate result of the malicious prosecution, JELANI SUTTON was damaged, including the value of his lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

**ANSWER:   Defendants deny the allegations contained in paragraph # 32.**

### Count VI
### Intentional Infliction of Emotional Distress Against City and Officers

1-29.   Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

**ANSWER:   Defendants adopt and re-allege their answers to paragraphs one (1) through twenty-nine (29) as though fully set forth herein.**

30.   The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 30.**

31.     Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 31.**

32.     As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 32.**

33     The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City , and while acting within the scope of their employment.

**ANSWER:** **Defendants state that Plaintiff's summary of the doctrine of respondeat superior is vague, incomplete and/or incorrect and thus the allegations are denied.**

## Count VII
## Conversion

1-29.   Plaintiff realleges paragraphs 1 through 29 above, as if fully set forth here.

**ANSWER:** **Defendants adopt and re-allege their answers to paragraphs one (1) through twenty-nine (29) as though fully set forth herein.**

30.     As detailed above, defendants took Mr. Sutton's personal property under color of law without consent and never returned such property.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 30.**

31.     Defendants denied and continue to deny Mr. Sutton's use and control of such property.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 31.**

11

32. As a direct and proximate result of this conduct, Mr. Walton was deprived of his property with a value in the amount of in excess of $9,000.00.

**ANSWER:** **Defendants deny the allegations contained in paragraph # 32.**

33  The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City , and while acting within the scope of their employment.

**ANSWER:** **Defendants state that Plaintiff's summary of the doctrine of respondeat superior is vague, incomplete and/or incorrect and thus the allegations are denied.**

**WHEREFORE**, the Defendants pray that this Court enter judgement in their favor on Plaintiff's Complaint, award the Defendants costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Fed. R. Civ. P. 12(b)(6) DEFENSES

1. An award to punitive damages would deprive Defendants of due process of law in violation of the fifth and Fourteenth Amendments to the United States Constitution where:

> (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;
>
> (b) the award of punitive damages is disproportionate to actual damages.

### AFFIRMATIVE DEFENSES

1. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

2. A municipality is not liable under a theory of respondeat superior for the constitutional violations of its employees. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).

3. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

4. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

5. Defendant Officers are not liable for any of Plaintiff's claims because they cannot be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

7. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of reckless, willful and wanton behavior, as

opposed to intentional, willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See People of City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

8.      If the Defendant Officers are found not liable to the Plaintiff on any of his state claims, the City is not liable to the Plaintiff. 745 ILCS 10/2-109.

## JURY DEMAND

The Defendants respectfully requests a trial by jury.

Respectfully submitted,

/s/   Joel G. Sandoval
JOEL G. SANDOVAL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-5146
(312) 744-6566 (Fax)
Atty. No. 06290664